CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/10/2025
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

IN THE UNITED STATES DISCTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| HEATHER KEEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:25-cv-00106 |
| v. ) | |
| ) | By: Robert S. Ballou |
| TRACI KEEN, *et al.*, ) | United States District Judge |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

On December 3, 2025, pro se plaintiff Heather Keen filed a complaint, moved for leave to proceed *in forma pauperis* (ifp) under 28 U.S.C. § 1915(a)(1), and filed several other motions and documents. The presiding district judge referred to me Keen's ifp motion and her emergency motion, which (among other relief) seeks to enjoin a foreclosure sale of her residence scheduled for Thursday, December 11, 2026.[1] I grant Keen's ifp motion, but deny the emergency motion to the extent it seeks to stop the foreclosure sale and otherwise deny the emergency motion without prejudice to the extent it seeks other forms of relief which are not time sensitive.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Based on the ifp motion, Keen cannot afford to pay the filing fee. The court will grant Keen's motion to proceed ifp (Dkt. No. 2) and will not require payment of the filing fee. The court also will direct the Clerk to notify defendants of the lawsuit pursuant to Federal Rule of Civil Procedure 4, after Keen provides addresses for defendants.

---

[1] This case was assigned to Chief United States District Judge Elizabeth K. Dillon, but she had other commitments that would have made a ruling on the emergency motion before the foreclosure sale difficult. She referred the emergency motion and the ifp motion to me for resolution but will retain jurisdiction over the remainder of the case.

## II.  BACKGROUND

This is the fourth pro se complaint that Keen has filed in the past six months, and the third one with the same overarching factual allegations.[2]  Although the Clerk listed the "combined estates" of Keen's parents as a separate plaintiff, Keen is listed as the sole plaintiff but brings her claims in two capacities.[3]  First, she sues in her individual capacity "as the only Beneficiary" of her parents' estates.  (Compl. 3, Dkt. No. 1.)  Second, she brings claims in her capacity as "personal representative and administrator of the estates of Christopher W. and Jacquelyn H. Keen."  (*Id.*)

The defendants are Keen's sister, Traci A. Keen ("Traci"), and various entities with whom their parents had financial dealings, retirement accounts, annuities, or employer-related stock ownership accounts.  Keen alleges that Traci defrauded and exploited their parents, and accessed and depleted assets, liquidating some accounts, when both parents were medically and emotionally vulnerable.  Thereafter, Traci restricted Keen's access to family financial

---

[2]  Chief Judge Dillon dismissed the first of the other two cases with the same general allegations—but different claims and one non-diverse defendant—for lack of jurisdiction.  *Keen v. Keen*, No. 7:25-cv-00475, 2025 WL 2375210 (W.D. Va. Aug. 14, 2025).  Keen filed the second on November 19, 2025, but moved to "withdraw/close" it the day after filing this case.  *See generally Keen v. Keen*, No. 6:25-cv-00101 (W.D. Va.).

[3]  Confusingly, the body of the complaint also references "the Jacquelyn H. Keen [F]amily Trust" and appears to include that entity as a plaintiff.  (Compl. 3, ¶ C.)  The complaint states that the Trust is appearing "by and through its duly appointed Trustee, John Thomas Keen."  (*Id.*)  Nowhere has John Keen signed or verified the complaint, however, and neither Heather Keen nor John Keen may represent the trust in any event.  *See Hargrove , Tr. for Hargrove Empire Irrevocable Tr. v. State Farm Mut. Auto. Ins. Co.*, No. 5:25-CV-433-FL, 2025 WL 2156830, at *1 (E.D.N.C. July 29, 2025) ("Every court of appeals to have addressed this issue has . . . specifically . . . bar[red] a trustee from appearing pro se . . . ."); *see also generally Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 244–46 (4th Cir. 2020) (collecting authority rejecting pro se litigants' attempts to litigate on behalf of others in various contexts).  If the Trust wants to bring its own lawsuit, it may do so through an attorney; the court does not consider the Trust a party to this action.

information and concealed transactions related to various financial accounts, including after their parents' deaths, preventing her from discovering the massive losses.  Traci was aided, Keen claims, by Christopher Raup, a financial advisor who assisted with their father's disability settlement in 2011, and two defendant entities with which Raup was affiliated (Cambridge Investment Research, Inc. and Cambridge Investment Advisors, Inc.).  Keen alleges that Raup's involvement with the disability settlement rendered Raup and Cambridge fiduciaries under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*  She alleges that Traci (and possibly others) also engaged in elder exploitation and identity theft.

The remaining six named defendants are all financial or business entities that held or administered IRA or benefit accounts in one or both of her parents' names.  She describes them as a "supervising broker-dealer," a life insurance company, a custodian of IRA accounts, two entities who administer employee benefit plans, and a brokerage firm that managed investments.  As best the court can tell, Keen primarily faults them for failing to accurately report and safeguard her parents' assets, including failing to notify Keen of the existence of certain assets or the disposition of those assets.  The complaint offers little in the way of specifics as to these defendants.[4]

Keen's complaint asserts sixteen counts, only a few of which identify specific defendants, and the rest of which the court assumes are brought against all defendants.  Count I is titled a "failure to provide required ERISA disclosures," cites to 29 U.S.C. §§ 1021, 1024, and 1132(c), and is brought against defendants Cambridge Investment Research, ONESCO, Pershing LLC,

---

[4] In addition to the complaint itself (Dkt. No. 1), Keen has submitted a folder of documents about a half-inch thick that she has asked to file under seal.  (Dkt. No. 7.)  The materials relate primarily to her parents' finances and include a timeline, financial statements, and tax documents.  They do not affect the court's ruling on her emergency motion.

Raup, and Traci. Counts II through VI assert claims under different provisions of ERISA. Counts VII through XIV assert common-law claims under both Virginia and Pennsylvania law, to include claims for conversion, breach of fiduciary duty, "fraud/concealment," "wrongful taking of property," unjust enrichment, and "intentional interference with expected inheritance," and seek equitable remedies under both states' laws, such as the imposition of constructive trusts and equitable accounting. In Count XV, titled "Loan Repayment Claim 2011 – Disability Settlement Loan," Keen specifically mentions Traci and appears to assert a breach of contract claim against her for failure to repay a loan. The last count, Count XVI, Keen titles as "Damages Resulting from Identity Misuse and Financial Interference," and although she does not name specific defendants, the allegations appear to relate back to factual allegations involving Traci and Raup.

Significantly, as it relates to Keen's request that the court enjoin foreclosure proceedings, none of Keen's claims relate to her mortgage, name the mortgage or note holder or entity attempting to foreclose on her home, or otherwise assert any cause of action against those entities. Instead, her theory seems to be that, had it not been for the fraud, theft, and other actions referenced in her complaint, she would have inherited substantial sums of money from her parents' estates and easily would have been able to pay her mortgage. But because the funds were depleted, she did not have the funds to pay her mortgage.

### III. JURISDICTION

In the cover sheet submitted with the complaint, Keen invokes this court's federal-question jurisdiction under 28 U.S.C. § 1331, and she asserts claims under ERISA, a federal statute.[5] Thus, based solely on the face of the complaint, it appears that the court has subject-

---

[5] She references the False Claims Act and several criminal statutes, but the court does not rely on those in exercising jurisdiction.

4

matter jurisdiction.

The body of Keen's complaint also invokes diversity jurisdiction under 28 U.S.C. § 1332. She alleges that she is a citizen of Virginia, and the court treats her as such in both capacities in which she purports to appear.[6] She further alleges that none of the defendants are citizens of Virginia, and that the amount in controversy exceeds $75,000.[7] Thus, based on the face of the complaint, it appears the court also has jurisdiction under 28 U.S.C. § 1332. Nothing in this ruling precludes any defendant from challenging the court's jurisdiction on a motion under Federal Rule of Civil Procedure 12(b)(1).

## IV.  EMERGENCY MOTION

In her emergency motion, Keen asks for "immediate emergency injunctive relief to halt foreclosure proceedings on her residence," 1171 New Hope Lane, "and to enforce rights under ERISA, the Federal False Claims Act whistleblower protections, and related federal statutes."

---

[6] For diversity purposes, and because she both is the administrator of the estate and has a stake in the outcome of the controversy, her citizenship is accepted as the citizenship of the estates for the purposes of determining diversity. *See Krier-Hawthorne v. Beam*, 728 F.2d 658, 660–61 (4th Cir. 1984).

[7] The court treats as true Keen's assertions both that she is the personal representative and administrator of both of her parents' estates and that she is the sole heir of both, although her allegations in some of her prior cases cast doubt on those propositions. Both are relevant to the court's jurisdiction. For example, it is unclear whether she is asserting any of the ERISA claims in her individual capacity or if she is asserting them only in her capacity as the representative for both estates. If she is *not* the sole heir of both estates, then she may not prosecute those claims as a pro se litigant, as Chief Judge Dillon previously advised her. *See Keen v. Harrison*, No. 7:25-CV-00474, 2025 WL 3045254, at *6 (W.D. Va. Oct. 30, 2025) (collecting authority for the proposition that "a pro se plaintiff . . . may not represent an estate, at least where the individual is not the sole beneficiary"). And if she cannot bring the estate's claims and cannot (or is not) bringing ERISA claims in her individual capacity, then there may not be federal-question jurisdiction.

(Emergency Mot. 1, Dkt. No. 4.)[8]  She explains that she is "more than six months delinquent on her mortgage with First National Bank of Altavista" and states that "Day Law Group is engaged in collection and foreclosure activity." (*Id.* at 2.)  Later in the motion, she more specifically breaks down her requests into five categories.  Only the first category, the request to enjoin foreclosure proceedings of the New Hope Lane property, is time-sensitive, so the court will rule on the merits only of that portion.  The remaining aspects of relief sought will be denied without prejudice as they are not "emergency" relief and can await full briefing or other proceedings, as Chief Judge Dillon sees fit.[9]

Preliminary injunctive relief is an "extraordinary" remedy that courts should grant only "sparingly."  *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991).  The party seeking the preliminary injunction must demonstrate that: (1) she is likely to succeed on the merits at trial; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008); *League of Women Voters of*

---

[8]  Her motion also references a motion to recuse Chief Judge Dillon and refers to several statutes governing recusal, 28 U.S.C. §§ 144, 455.  Keen has filed a motion (Dkt. No. 8) requesting reassignment of the case to a judge who regularly sits in Lynchburg because Lynchburg is more convenient, but she presents no grounds for recusal.  For a Lynchburg case, Judge Dillon typically holds any hearings in Lynchburg, absent agreement of the parties, so the location of hearings is not a basis for reassignment.  In any event, Judge Dillon will rule on that motion in the first instance.

[9]  The other four request that the court: (1) "order all ERISA plan administration, fiduciaries, brokers, and financial institutions to freeze accounts, preserve records, and cease transfers and liquidations pending forensic accounting"; (2) enter a protective order for whistleblower status issuing her protection and preventing retaliation, foreclosure, adverse financial action, and property seizure; (3) order a full forensic accounting of various entities and all records from 2011 to 2025; and (4) "order proper assignment to an Article III judge," citing to recusal statutes, local rules and "federal injunctive standards."  None of those requires an immediate ruling, and certainly none warrants a ruling prior to service on defendants.

*N.C. v. North Carolina*, 769 F.3d 224, 249 (4th Cir. 2014).  All four prongs must be satisfied, and the remedy may be granted only on a "clear showing" of entitlement to relief.  *Winter*, 555 U.S. at 20, 22.  The standard is "steep."  *Real Time Med. Sys., Inc. v. PointClickCare Techs., Inc.*, 131 F.4th 205, 223 (4th Cir. 2025).

Keen cannot meet this standard, and she especially cannot show a likelihood of success on the merits.  Most fundamentally, her request for injunctive relief is improper because the parties she seeks to enjoin, First National Bank of Altavista and Day Law Group, (Mot. at 3), are not defendants to this action.  Keen neither names them in her complaint nor alleges that they have done or soon might do anything improper.  A court generally lacks authority to enjoin third parties not before it:

> "A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction." Wright & Miller, *supra*, § 2956; *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 957 (4th Cir. 1999) ("Injunctive relief, by its very nature, can only be granted in an *in personam* action commenced by one party against another in accordance with established process.").  Indeed, "holding a nonparty in contempt for engaging in enjoined conduct might be considered as a possible denial of due process[.]"  Wright & Miller, *supra*, § 2956. After all, "[t]he central reason that one who is not a party to the action in which the injunction was issued cannot be bound by it is that he has not had his day in court with respect to the validity of the injunction." *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 37 (1st Cir. 1980).

*Bone v. Univ. of N. Carolina Health Care Sys.*, 678 F. Supp. 3d 660, 710 (M.D.N.C. 2023); *cf.* Fed. R. Civ. P. 65(d)(2)(C) (explaining that a nonparty may be bound by an injunction if it is in "active concert or participation" with anyone bound by the preliminary injunction).

Furthermore, even if Keen had named these entities as defendants, she has not presented any factual basis to halt foreclosure.  Keen does not provide any details or information about her mortgage or deed of trust, nor does she provide a copy of the deed of trust or any other related

7

documents. *See Squire v. Va. Housing Dev. Auth.*, 758 S.E.2d 55, 60 (Va. 2014) (explaining that a trustee's power to foreclose is conferred by the deed of trust and limited only by the terms of that contract). She simply states that she has failed to pay her mortgage for six months, and she provides a newspaper clipping with a notice of the foreclosure sale and the date. Based on those allegations, she has not shown a likelihood of success on any unspecified claim she might bring against these entities. *See id.*

Indeed, because of the lack of detail and lack of any stated claim against the defendants, it is impossible to even know if the court would have jurisdiction. *Compare, e.g.*, *Seitz v. Fed. Nat. Mortg. Ass'n*, 909 F. Supp. 2d 490, 493 (E.D. Va. 2012) (declining to exercise jurisdiction over action to set aside foreclosure sale because it was in rem or quasi in rem proceeding and state court had jurisdiction over the same property), *with Yates v. U.S. Bank Nat'l Ass'n*, No. 1:23-CV-1531, 2024 WL 4170689, at *5 (E.D. Va. Sept. 12, 2024) (concluding jurisdiction existed where homeowners challenged note and deed of trust and defendants removed where there was a federal question on the face of the complaint that formed part of the same case or controversy as the non-federal claims). Certainly, Keen cannot bootstrap parties that would not be properly joined under Federal Rule Civil Procedure 20 onto a case involving unrelated ERISA claims and then invoke the court's supplemental jurisdiction, which is reserved for claims that form part of the "same case or controversy," 28 U.S.C. § 1367(a).

Keen's theory is that the many alleged legal violations by the named defendants have caused her parents' estates significant financial harm and, by extension, caused her, as the sole beneficiary to the estates, financial harm. That harm has, in turn, caused her to be unable to pay her mortgage. (Emergency Mot. 2 ("The depletion of ERISA-protected income [owed to her parents] directly caused Plaintiff's inability to pay her mortgage, and is the proximate cause of

8

threatened foreclosure.").) But her attempts to remedy that harm (making her a "whistleblower," according to her) do not make her immune to foreclosure.

Put differently, even if all of Keen's allegations against the named defendants were true, it would not make an injunction against foreclosure proper; the two harms are unrelated. *Cf. Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997) (explaining that a preliminary injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint). Nowhere in either the complaint or the emergency motion does she allege that she does not owe the money on her mortgage, nor does she allege any irregularity regarding her note, the mortgage, the foreclosure proceedings themselves, or the parties who are attempting to foreclose. Thus, her inability to pay her mortgage—because of the named defendants' actions or for whatever reason—does not entitle her to an injunction against foreclosure. *See McFadden v. Fed. Nat. Mortg. Ass'n*, 525 F. App'x 223, 231 (4th Cir. 2013) (noting that plaintiffs failed to state a claim for equitable relief to set aside a foreclosure sale where they did not "dispute the fact that they defaulted on their loan" and the terms of their deed of trust authorized the foreclosure).

Put simply, Keen has not identified any legally sufficient reason to stop the foreclosure sale, so the court must deny her emergency motion to do so.

## V. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED as follows:

1. Keen's motion to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED;
2. The Clerk shall cause the defendants to be notified of this action, pursuant to Rule 4 of the Federal Rules of Civil Procedure. Plaintiff must first provide full addresses for all defendants, however, before requests for waivers of service can be sent to them.

Accordingly, within thirty days of this Order's entry, plaintiff must file addresses with the Clerk at which service may be accomplished on each of the defendants. Failure to comply may result in claims against one or more defendants being dismissed without prejudice; and

3. Keen's "emergency motion" (Dkt. No. 4) is DENIED to the extent that it requests an immediate halt to the foreclosure sale or other foreclosure proceedings on 1171 New Hope Lane. To the extent that it requests relief as to the other four categories listed in the motion, it is DENIED WITHOUT PREJUDICE to her ability to reassert those requests at an appropriate time after defendants have been served and have had the opportunity to respond to the complaint.

Enter: December 10, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge